

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

PJD/PLEA AGREEMENT
2005R00190

January 17, 2006

**RECEIVED**
**MAR 3 1 2006**
**AT 8:30_____M**
**WILLIAM T. WALSH, CLERK**

Stacy Ann Biancamano, AFPD
Federal Public Defender's Office
972 Broad Street
Newark, New Jersey 07102

Re: Plea Agreement with James Williams

Cr. 06-254 (JHR)

Dear Ms. Biancamano:

This letter sets forth the plea agreement between your client, James Williams, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from James Williams to a one-count Information, which charges him with possession with the intent to distribute more than five grams of cocaine base, that is, "crack" cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(B). If James Williams enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against James Williams for the distribution or possession with the intent to distribute cocaine base in and between January 2004 and April 2004 and his possession of a handgun on or about April 4, 2004. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by James Williams may be commenced against him, notwithstanding the expiration of the limitations period after James Williams signs the agreement. James Williams agrees to waive any statute of limitations with respect to any crime that would otherwise expire after James Williams signs the agreement.

Sentencing

The violation of 21 U.S.C. § 841(a) and (b)(1)(B) to which James Williams agrees to plead guilty carries a statutory minimum sentence of five years and a statutory maximum prison sentence of forty years, and a statutory maximum fine equal to the greatest of: (1) $2,000,000 or (2) twice the gross profits or other proceeds to James Williams. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon James Williams is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence James Williams ultimately will receive.

Further, in addition to imposing any other penalty on James Williams, the sentencing judge: (1) will order James Williams to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order James Williams to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order James Williams, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny James Williams certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require James Williams to serve a term of supervised release of at least four years and up to five years, which will begin at the expiration of any term of imprisonment imposed. Should James Williams be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, James Williams may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this


Office reserves its right to take any position with respect to the appropriate sentence to be imposed on James Williams by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of James Williams' activities and relevant conduct with respect to this case.

### Stipulations

This Office and James Williams agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or James Williams from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and James Williams waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against James Williams. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against James Williams.

No Other Promises

This agreement constitutes the plea agreement between James Williams and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: PHILIP JAMES DEGNAN
Assistant U.S. Attorney

APPROVED:

Mark J. McCarren, Chief
Public Protection Unit

- 4 -

I have received this letter from my attorney, Stacy Ann Biancamano, AFPD, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_James Williams_     Date: 1/24/06
James Williams

_Stacy Ann Biancamano_     Date: 1/24/06
Stacy Ann Biancamano, AFPD

- 5 -

## Plea Agreement With James Williams

### Schedule A

1. This Office and James Williams recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and James Williams nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence James Williams within the Guidelines range that results from the total Guideline offense level set forth below, subject to a possible departure as set forth in Paragraph 7 below. This Office and James Williams further agree that with the exception of arguments regarding a departure as set forth in Paragraph 7 below, neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guideline offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2005 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1. This guideline carries a Base Offense Level of 26, as the offense involved between five and twenty grams of cocaine base or "crack."

3. Specific Offense Characteristic (b)(1) applies, a the defendant was in possession of a firearm at the time of the instant offense. This Specific Offense Characteristic results in an increase of 2 levels.

4. As of the date of this letter, James Williams has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if James Williams' acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, James Williams has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If James Williams enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition James Williams' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, James Williams will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. §

3E1.1(b).

6. In accordance with the above, the parties agree that the total Guideline offense level applicable to James Williams is 25 (the "agreed total Guideline offense level").

7. James Williams reserves his right to move for a downward departure on the basis of the sentencing disparity between powder cocaine and cocaine base or crack and based upon an overstatement of criminal history. The Government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure or upward or downward adjustment not set forth herein.

8. James Williams knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 25 or lower; except that James Williams reserves the right to challenge a denial of a downward departure on the grounds set forth in Paragraph 7 above. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 25 or higher; except that this Office reserves the right to challenge the granting of a downward departure on the grounds set forth in Paragraph 7 above. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

2005RC0190/PJD

**RECEIVED**

MAR 3 1 2006

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA       :    Criminal No. 06-254 (JHR)
                               :
             v.                :    21 U.S.C. § 841(a)(1) & (b)(1)(B)
                               :
JAMES WILLIAMS                 :    I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges that:

On or about April 4, 2004, in Essex County, in the District of New Jersey, and elsewhere, defendant

JAMES WILLIAMS

did knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, specifically "crack," a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

_____
CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

CASE NUMBER: 2005R00190

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

JAMES WILLIAMS

## INFORMATION CHARGING VIOLATION OF

21 U.S.C. §841(a)(1) & (b)(1)(B)

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

PHILIP JAMES DEGNAN
ASSISTANT U.S. ATTORNEY
973-645-2713

USA-48AD 8
(Ed. 1/97)