UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 06-250-001 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | MOTION FOR REDUCTION OF |
| | : | SENTENCE PURSUANT TO 18 USC § |
| JAMES WILLIAMS, | : | 3582(C)(2);   MEMORANDUM OF |
| | : | POINTS & AUTHORITIES |
| Defendant. | : | |
| | : | |

TO:   **PHIL DEGNAN**,
    Assistant United States Attorney
    Office of the United States Attorney
    970 Broad Street-Room 700
    Newark, NJ 07102

   **PLEASE TAKE NOTICE** that on a date and time to be set by the Court, Defendant *James Williams*, through his attorney, Troy A. Archie, Esq., appearing, will move this Court for a reduction in the sentence imposed in this case on July 28, 2006.  This motion is made pursuant to 18 U.S.C. § 3582(c)(2) and is based upon the attached memorandum of points and authorities, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

                                        Respectfully submitted,

                                        s/ *Troy A. Archie*
Dated: August 12, 2008                  TROY A. ARCHIE, ESQ.
                                        Attorney for James Williams

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I  INTRODUCTION**

On March 31, 2006, Defendant *James William* pled guilty to a single count information which charged on or about April 4, 2004, in Essex County, in the District of New Jersey, and elsewhere, defendant did knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing cocaine base, specifically "crack" a Schedule II narcotic drug controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B). PSR ¶ 3[1]. The result was a base offense level of 26, a recommended total offense level of 25, and a guideline range of 84 to 105 months imprisonment. Id. at ¶ 16. On July 28, 2006, *this Court sentenced Mr. Williams to 84 months imprisonment* on the drug distribution count and supervised release for a term of 4 years.   This sentence which fell below the statutory maximum was based on a stipulated plea agreement. Subsequent to Mr. Williams sentencing - on November 1, 2007 and May 1, 2008 - amendments to §2D1.1 of the Guidelines took effect, which, generally, reduce base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the quantity of crack cocaine in this case by two levels, to 23.  See U.S.S.G. §2D 1.1 (c)(4) & comment. (n. 10(B) & (D)(i)). These amendments were adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack powder ratio incorporated into the Sentencing Guidelines. See generally United States Sentencing Commission, Report to Congress: Cocaine

---

[1] In accordance with the procedure established in this District, this Office has received a redacted presentence investigation report. Upon appointment of this Office to represent Mr. Williams, Probation will forward a complete copy of the PSR as well as other pertinent documents. *Mr. William* reserves his right to advance additional arguments pending receipt of more complete information.

and Federal Sentencing Policy (May 2007) (hereinafter "2007 Sentencing Commission Report");
United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing
Policy (May 2002); United States Sentencing Commission, Special Report to Congress: Cocaine
and Federal Sentencing Policy (April 1997); United States Sentencing Commission, Special
Report to Congress: Cocaine and Federal Sentencing Policy (February 1995). See also
Kimbrough v. United States, 128 S. Ct. *558, 568-69* (2007) (discussing history of crack cocaine
guideline and various Sentencing Commission reports). Yet the amendment is only a partial
response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission, however, views the amendment only as a partial remedy to some of the
> problems associated with the 100-to-i drug quantity ratio. It is neither a permanent nor a
> complete solution to these problems. Any comprehensive solution requires appropriate
> legislative action by Congress. It is the Commission's firm desire that this report will
> facilitate prompt congressional action addressing the 100-to-I drug quantity ratio.
> 2007 Sentencing Commission Report, supra, at 10.

Subsequent to the effective date of these amendments to §2D1.1, the Sentencing
Commission voted to make both amendments retroactive. U.S.S.G. §1BI.l0(c). Based on this
retroactivity, the statutory authority underlying it, and the Supreme Court's intervening decisions
in Kimbrough, United States v. Booker, 543 U.S. 220 *(2005),* Rita v. United States, 127 S.Ct.
2456 (2007), and Gall v. United States,128 S.Ct. 586 (2007), Mr. Williams brings this motion to
reduce his sentence.

## II. <u>ARGUMENT</u>

A.  BASED ON THE AMENDMENTS TO §2D1.1, *MR. WILLIAMS* SENTENCE SHOULD BE REDUCED TO A MINIMUM OF 51 MONTHS IMPRISONMENT.

Title 18, United States Code Section 3582(c)(2) provides as follows: [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1BI.l0 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. Two of the amendments listed are Amendment 706 - the amendment which reduced the base offense level for crack cocaine offenses - and Amendment 715 - the amendment which governs reductions in multi-drug cases involving crack. See U.S.S.G. App. C, Amendment 706 and Amendment 715.     Application of the amended crack guideline in the present case results in a decrease of the total offense level from 25 to 23.  Although the result is the same as simply reducing the offense level by two, some math is involved in arriving at the new offense level and Guidelines range because *Mr. Williams* case involved both crack and powder cocaine.  In multi-drug cases, this Court must first determine the combined offense level as directed by U.S.S.G. §2D1.1, comment. (n. 10(B)), see §2D1.1, comment. (n. 10(D)(i)) (May 1, 2008):     5 Grams of Cocaine Base but less than 20 G of Cocaine Base.

This amount, 5 G of Cocaine Base or more, would still trigger a base offense level of 26, <u>see</u> U.S.S.G. §2D1.1(c)(7), but §2D1.l, comment. (n. l0(D)(i)) (May 1, 2008) now provides that:

4

if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.   Thus, *Mr. Williams* is eligible for a two-level reduction in his base offense level - *from level 25 to level 23*.      Assuming application of the same two-level downward adjustment for acceptance of responsibility, *Mr. Williams new total offense level would be 23, and his new guideline range for the drug distribution offense would be 51-63 months imprisonment*. Guidelines Section lB 1.1 0(b)(2)(B) provides for an additional reduction in *Mr. Williams* Guidelines range comparable to the amount of the downward departure granted at his original sentencing.  *Mr. Williams* respectfully contends that a sentence at or below the bottom of his newly calculated Guidelines' range is appropriate.

B.    THE COURT SHOULD IMPOSE A SENTENCE BELOW THE BOTTOM OF
      *MR.WILLIAMS* NEWLY CALCULATED ADVISORY GUIDELINES RANGE.

Guidelines Section 1 B 1.10 purports to limit the ability of District Courts to re-sentence defendants below the bottom of the newly calculated Guidelines range while requiring that courts consider the 18 U.S.C. § 3553(a) factors, public safety and post-sentence conduct in determining whether to deny relief or to sentence at or above the minimum of the amended range. U.S.S.G. §1B1.10(b)(2)(A) & comment. (n. 1(B) & n. 3). This system - which "would impose mandatory Guidelines-type limits upon a judge's ability to reduce sentences, but would not impose those limits upon a judge's ability to increase sentences" - was expressly rejected by the Booker Court when considering one of the government's remedial suggestions in that case. Booker, *543* U.S. at 266. The Court stated that "we do not believe that such one-way levers are compatible with Congress' intent" in enacting the Guidelines system. Id. Because §1B1.10 is a policy statement and not a guideline, the Sentencing Commission was not required to and did not

5

seek either Congressional approval or public comment on the text of § 1 B 1.10's new provisions. See 28 U.S.C. § 994(p); United States v. Stinson, 508 U.S. 36, 40-46 (1993). Therefore, here, like in Booker, it is perfectly reasonable for this Court to conclude that the one-way lever the Sentencing Commission has attempted to enact through § lB. 10 is incompatible with Congressional intent in enacting the Guidelines system[2].  Furthermore, as the Supreme Court has repeatedly made clear since Booker, the Guidelines in their mandatory form are unconstitutional and - through severing 18 U.S.C. § 3553(b) - made them "effectively advisory." Booker, *543* U.S. at 245. See also id. at *265* (a "mandatory Guidelines system ... is not a choice that remains open."); Kimbrough, 128 S.Ct. at *564* ("Under Booker, the cocaine Guidelines, like all other Guidelines, are advisory only.") Booker, and subsequent Supreme Court cases clarifying it - namely, Rita, Gall, and Kimbrough - have created a brave new world, in which the Guidelines are but one of several factors to be considered under § 3553(a). Thus, this Court may properly conclude that the purportedly inflexible limitation in §1B1.10(a)(2)(B) "fails properly to reflect the § 3553(a) considerations" or "reflects an unsound judgment," Rita, 127 S.Ct. at 2465, 2468, and invoke these reasons as a basis for rejecting §lB1.l0's advice to deny relief. See Kimbrough, 128 S.Ct. at 575 (federal district courts do not abuse their discretion in rejecting application of the crack cocaine Guidelines).  The Government will likely argue that nothing in Booker and its progeny affect the limits on sentencing reductions set forth in §

---

[2]Congress directed the Sentencing Commission to "specify in what circumstances and *by what amount"* sentences should be reduced under § 3582(c)(2). 28 U.S.C. § 994(u) (emphasis added). But Congress also directed that the "Commission ... consistent with all pertinent provisions of any Federal statute shall promulgate ... general policy statements [that] would further the purposes of sentencing set forth in section 3553(a)(2) ... including the appropriate use of... the sentence modification provisions set forth in section[] 3582(c)." 28 USC§ 994(a)(2)(C).

1B1.10. This might have been the case if Mr. Williams was asking this Court to invoke its jurisdiction to reduce his sentence under § 3582(c)(2) merely by virtue of the Supreme Court's decision in Booker. That is not the case. Booker itself does not create jurisdiction. Here, the Court's jurisdiction is statutorily triggered under 18 U.S.C. § 3582(c)(2) by retroactive Guideline amendments listed in § lB 1.10(c). This Court "is properly deriving its authority to grant a sentence reduction from the statute, not solely by virtue of the advisory nature of the Guidelines." United States v. Stokes, 2008 WL 938919 at *4 (M.D.Fla. April 7, 2008). Thus, the Sentencing Commission retains its power, under 28 U.S.C. § 994(u), to determine which amendments will be given retroactive effect. In applying those amendments, however, this Court must respect Supreme Court precedent. Id.  (once court has properly derived its authority to grant a sentence reduction from § 3582(c)(2), Booker applies to those sentence reduction proceedings); United States v. Barrett, 2008 WL 938926 at *4 (M.D.Fla. April 7, 2008) (same). Accordingly, Booker and its progeny must be held to apply to the imposition of a new sentence under 18 U.S.C. § 3582(c)(2). United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007) (holding that "Booker applies to § 3582(c)(2) proceedings").

> As the Ninth Circuit explained: Booker explicitly stated that, 'as by now should be clear, [a] mandatory system is no longer an open choice.' Although the Court acknowledged that Congress had intended to create a mandatory guideline system, Booker stressed that this was not an option: '[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open ... [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law.' The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.  In fact, the Court emphasized that the guidelines could not be construed as mandatory in one context and advisory in another. When the government suggested, in Booker that the Guidelines be considered advisory in certain, constitutionally-compelled cases, but mandatory in others, the Court quickly dismissed this notion, stating, 'we do not see how it is possible to leave the Guidelines as binding in other cases ... [W]e believe that Congress would not have authorized a mandatory system in some cases and a

> non-mandatory system in others, given the administrative complexities that such a system would create.' In short, <u>Booker</u> expressly rejected the idea that the Guidelines might be advisory in certain contexts, but not in others, and Congress has done nothing to undermine this conclusion. Because the 'mandatory system is no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2).

<u>Hicks</u>, 472 F.3d at 1170 (citations omitted).

While the Third Circuit has yet to specifically address whether a District Court must apply the dictates of <u>Booker</u> and its progeny during a re-sentencing pursuant to § 3582(c)(2)[3], at least three other circuits and three District Courts have indicated that <u>Booker</u> does apply to such a proceeding. <u>United States v. Taylor</u>, 520 F.3d 746, 748 (7th Cir. 2008) ("Like the rest of the guidelines, [ 1 B 1.1 0(b)(2)(B)] may be merely advisory, in which event a sentence lower than the one prescribed by section 1B1.10(b)(2)(A) may be 'consistent with applicable policy statements issued by the Sentencing Commission,' as required by 18 U.S.C. § 3582(c)(2), the statute granting District Courts authority to re-open a sentence that has become final."); <u>United States v. Regalado</u>, 518 F.3d 143, 151 (2d Cir. 2008) ("In deciding whether to modify [a sentence under 18 U.S.C. § 3582(c)(2)], District Courts must consider the factors set forth in 18 U.S.C. § 3553(a) anew and in light of <u>Gall</u> and <u>Kimbrough</u> to the extent that they may be applicable, and relevant Sentencing Commission policy statements."); <u>Hicks</u>, 472 F.3d at 1170-

---

[3]The Third Circuit in <u>United States v. Wise,</u> 515 F.3d 207, 221 n. 11 (3d Cir. 2008), stated in dicta that "Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of <u>Booker</u>. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines." Wise stands only for the proposition that <u>Booker</u> does not establish an independent basis for invoking a District Court's § 3582(c)(2) jurisdiction, not whether, when a defendant is already entitled to re-sentencing, the District Court at the re-sentencing must, consistent with Supreme Court precedent, treat the Sentencing Guidelines as advisory.

8

71; United States v. Polanco, 2008 WL 144825 (S.D.N.Y. Jan. 15, 2008) ("The Sentencing Commission has purported to limit the sentencing court's authority to reduce a sentence... It would be, to say no more, ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe, can be limited by a still-mandatory guideline."); United States v. Jones 2007 WL 2703122 (D. Kan. Sep. 17, 2007); United States v. Forty Estremera, 498 F. Supp. 2d 468 (D. P.R. Aug. 1, 2007). Additionally, Judge Marcia G. Cook in the Southern District of Florida ruled on May 14, 2008 that she had the discretion in a § 3582(c)(2) proceeding to sentence the defendant, Edward Melvin, to a sentence below the bottom of his newly calculated advisory guidelines range.  In United States v. Edward Melvin, 04- 60192 (S.D.Fla. May 14, 2008) at 14-15, 16.  Based on the factors in § 3553(a), Judge Cook sentenced Mr. Melvin to a sentence of 75 months imprisonment - 9 months lower than the bottom of his newly calculated guidelines range of 84 to 105 months.  id. at 16. Those portions of amended §1B.l0 that would impose mandatory Guidelines-type limits upon a judge's ability to reduced sentences and would render §2D 1.1 "effectively mandatory" for crack defendants being re-sentenced under § 3582(c)(2) violate Booker and Kimbrough and are void as a matter of law[4].

---

[4] See Neal v. United States, 516 U.S. 284, 290, 295 (1996) (the Sentencing Commission "does not have the authority to [effectively] amend [a] statute" by "interpreting" it in ways contrary to the construction given it by the Supreme Court and the Court will "reject [the Commission's] alleged contrary interpretation"); Stinson v. United States, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative unless it violates the Constitution"); Hicks, 472 F.3d at 1172-73 ("to the extent that policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way").

As discussed above, *Mr. Williams* newly recommended sentence is *51-63 months* imprisonment. At his re-sentencing under § 3582(c)(2), *Mr. Williams* urges this Court to impose a sentence of less than *63 months* imprisonment. It follows from the discussion in the preceding section that the amendment alone justifies a reduction to *51 months* imprisonment. Several other factors support a sentence below *63 months*. First, in determining whether a reduction in sentence is warranted, this Court must consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(2). Section 3553(a) "as modified by Booker, contains an overarching provision instructing District Courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough, 128 S.Ct. at 570. The crack amendments represent only a "modest" change and provide only "a partial remedy" for overly harsh crack sentences. Id. at 568-69 (citing various Sentencing Commission reports).

Accordingly, it would not be an abuse of discretion for a District Court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 574. As the Government itself acknowledged in Kimbrough, "the Guidelines 'are now advisory' and ... as a general matter, 'courts may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines." Id. at 570. Kimbrough's rationale for varying from the crack guidelines therefore remains even after the new guideline is applied.

Additionally, there are some post-sentencing occurrences which merit consideration at re-sentencing. The Sentencing Commission expects courts to consider post-sentencing conduct at crack re-sentencing: 'The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (1) whether a

10

reduction in the defendant's term of imprisonment is warranted; and (2) the extent of such reduction ..." U.S.S.G. §1B1.l0, comment. (n. l(B)(iii)).

While incarcerated *Mr. Williams* has developed an outstanding work history and has successfully completed a number of educational/vocational and behavioral modification programs. This has enabled him to gain specific and practical skills which will allow him to obtain gainful employment upon his eventual release from incarceration.

For all these reasons, *Mr. Williams* respectfully submits that re-sentencing is warranted and that a sentence below *63 months* imprisonment is appropriate.

### III. CONCLUSION

For the foregoing reasons, this should grant *Mr. Williams* request for re-sentencing and impose a sentence below *51-63 months* imprisonment.

Respectfully submitted,

**s/ Troy A. Archie**

Dated: August 12, 2008

TROY A. ARCHIE, ESQ., P.C.
Attorney for Defendant James Williams

11

## CERTIFICATE OF SERVICE

     I, Troy A. Archie, Esq., attorney for defendant James Williams, hereby certify that a copy of the attached Motion for Reduction of Sentence, along with the Memorandum of Points and Authorities in support thereof, were filed with the Court via electronic filing and served upon counsel for the government, Assistant United States Attorney **PHIL DEGNAN**, by electronic filing and United States mail at the United States Attorney's Office, Assistant United States Attorney, Office of the United States Attorney, 970 Broad Street-Room 700, Newark, NJ 07102 on August 12, 2008.

                                                                            *s/ Troy A. Archie*

Dated: August 12, 2008                            TROY A. ARCHIE, ESQ., P.C.
                                                       Attorney for Defendant James Williams