

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Philip James Degnan*  *970 Broad Street, Suite 700*  *(973) 645-2713*
*Assistant United States Attorney*  *Newark, New Jersey 07102*  *(Fax) (973) 645-3988*

August 28, 2008

Hon. Joseph E. Irenas, U.S.D.J.
Mitchell H. Cohen Courthouse
One John F. Gerry Plaza, Fourth & Cooper Sts.
Camden, New Jersey 08101

> **Re: United States v. James Williams**
>    **Crim. No. 06-254 (JEI)**

Dear Judge Irenas:

Please accept this letter brief in lieu of a more formal brief in response to defendant James Williams' motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. For the reasons set forth below, the United States submits that the amendment is applicable and that, if the Court elects to lower the defendant's sentence, the sentence should not be lowered to a term of imprisonment of fewer than 70 months, the bottom of the new guideline range.

I. <u>Background</u>

Defendant James Williams was involved in multiple acts of drug distribution in Newark, New Jersey. As a part of a Narcotics Task Force investigation, undercover officers made a series of drug buys from Williams, which resulted in the seizure of approximately 195 grams of crack cocaine. The final buy occurred on April 4, 2004, at which time law enforcement officers conducted a search, pursuant to a search warrant, of Williams' residence. During that search, law enforcement officers collected a 9mm pistol, a bullet-proof vest, and almost 11 additional grams of crack cocaine.

On March 31, 2006, Williams pleaded guilty to a one-count Information charging that on or about April 4, 2004, he possessed crack cocaine with the intent to distribute. Despite the fact that Williams was responsible for the distribution and attempted distribution of approximately 196.18 grams of crack, Williams entered his plea pursuant to a negotiated plea agreement -- which contained a stipulation to a significantly lower drug amount -- that was the product of extensive negotiations between counsel for defendant and the United States. As a result, this Court sentenced

Williams to 84 months, the bottom of the agreed upon guideline sentencing range.

Thereafter, on May 19, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, defendant raised several issues including that his sentence should be reduced under the recommendations relating to lower guideline ranges for prosecutions involving crack cocaine. This Court denied relief on all grounds in the § 2255 application but permitted defendant to re-file his crack re-sentencing application under the proper procedural vehicle. On August 12, 2008, defendant filed a motion pursuant to § 3582(c)(2) seeking a two-level reduction in his sentence, citing the now-retroactive amendments to the United States Sentencing Guidelines.

II.  Section 3582(c)(2)

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

III. <u>Legal Argument</u>

    1.   <u>The Amendment is Applicable and the Court Therefore has the Discretion to Reduce the Defendant's Sentence</u>

The defendant is correct that Amendment 706 reduced the guideline range applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 24, pursuant to amended Section 2D1.1; when combined with the other guideline applications made earlier, the final offense level is 23. At the established criminal history category of IV, this would result in a sentencing range of 70-87. This is a reduction from the previously applied range of 84-105 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. <u>United States v. Vautier</u>, 144 F.3d 756, 760 (11th Cir. 1998).[1] <u>See, e.g.</u>, <u>United States v. Stevenson</u>, 2008 WL 1840758 (S.D. Ohio Apr. 22, 2008) (court in its discretion denies reduction despite eligibility under amendment, based on two disciplinary infractions in prison, and lengthy criminal record); <u>United States v. Melton</u>, 2008 WL 1787045 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); <u>United States v. Craig</u>, 2008 WL 1775263 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of

---

[1] In <u>Vautier</u>, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." <u>Vautier</u>, 144 F.3d at 759.

imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

> 2.   Defendant's Final Sentence Should Remain Within the Newly Calculated Guideline Range

Defendant contends that the Court should consider the sentencing factors outlined in 18 U.S.C. § 3553(a), as well as defendant's post-sentencing conduct, in re-sentencing defendant below the newly calculated guideline range. Those factors, however, may not be considered during a § 3582 re-sentencing. Even if they were to be considered, a sentence within the guideline range is warranted, and reasonable, given defendant's conduct in this matter. Accordingly, the Government respectfully requests that the Court sentence defendant to a term of imprisonment between 70 and 87 months.

The defendant contends that, in addition to considering where within the revised guideline range he should be sentenced, this Court should conduct a full re-sentencing, and reexamine the entire sentence consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory. That position is incorrect; the defendant's claim that Booker applies in this proceeding and permits a reduction in sentence beyond the limits set by Congress and the Sentencing Commission is without merit. Similarly, the defendant cites to Kimbrough v. United States, 128 S. Ct. 558 (2007), to argue that the guideline for crack cocaine offenses in particular is advisory, and that a sentencing court may consider criticism of the advisory guideline for crack cocaine offenses when determining the defendant's original sentence. These decisions, however, may not be applied in a Section 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range. Section 3582(c)(2) allows a court to reduce a sentence based on a retroactive guideline amendment only as authorized by the Sentencing Commission, and the Commission has limited the extent of such a reduction to the application of the amended guideline range or a reduction comparable to the extent of a previously granted

reduction below the earlier guideline range. As numerous courts have held in recent months, the defendant's argument fails. See United States v. Clarke, 2008 WL 1913899, *1 (M.D. Fla. Apr. 28, 2008) (stating that the "argument that Section 3582(c)(2) permits a plenary re-sentencing in accord with Booker 'has been roundly rejected'") (quoting United States v. Crawford, 243 Fed. Appx. 476 (11th Cir.2007) (not precedential)).

    **a.    Section 3582(c)(2) limits sentencing reductions based on retroactive guidelines to those authorized by the Sentencing Commission.**

In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." Braxton v. United States, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis omitted). Thus, under the express statutory language of Section 3582(c)(2) and Section 994(u), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. See United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

    **b.    The statute and policy statements prohibit a reduction below the floor set by the Sentencing Commission.**

As explained above, Section 3582(c)(2) does not provide for full re-sentencing of defendants. In its recent revision to the policy statement governing sentencing reductions under Section 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full re-sentencing of the defendant." U.S.S.G.§ 1B1.10(a)(3); see United States v. Bravo,

-5-

203 F.3d 778, 781 (11th Cir.) (Section 3582(c)(2) "'do[es] not contemplate a full de novo re-sentencing'") (quoting United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997)); see also United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002); United States v. Jordan, 162 F.3d 1, 4 (1st Cir. 1998); United States v. Torres, 99 F.3d 360, 361 (10th Cir. 1996).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2). Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate."[2] U.S.S.G. § 1B1.10(b)(2)(B); see id., app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, the Commission, consistent with the authorization provided by Congress, has set a floor below which a reduced sentence may not fall. In short, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence. See, e.g., United States v. Hasan, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (reduction below the amended guideline range is not permitted); Bravo, 203 F.3d at 781 (court was not permitted to "depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision").

---

[2] Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

-6-

Thus, as the court reasoned in United States v. Julien, 2008 WL 1933340 (D. Me. May 5, 2008), the governing statute, in providing that sentencing reductions must be "consistent with applicable policy statements issued by the Sentencing Commission," creates a jurisdictional bar on sentences which exceed the scope of the reductions authorized by the Commission. Id. at *1.

### c. Booker did not affect the limits on sentencing reductions under Section 3582(c)(2).

In United States v. Booker, 543 U.S. 220 (2005), the Court held that the Sixth Amendment, as construed by the Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal Sentencing Guidelines, under which the sentencing court rather than the jury found facts that established the mandatory guidelines range. Booker, 543 U.S. at 230-45. The Court remedied that constitutional defect by severing the statutory provisions that made the guidelines range mandatory, resulting in a regime in which the Guidelines are advisory, and courts are to consider the guidelines and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. Id. at 245-68; see Gall v. United States, 128 S. Ct. 586, 594 (2007).

Nothing in Booker expands the scope of sentencing reductions under Section 3582(c)(2). As an initial matter, even before Booker, the Guidelines were not mandatory in Section 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

Booker had no direct effect on Section 3582(c)(2). Booker's constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Booker, 543 U.S. at 231 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). That rule has no application to proceedings under Section 3582(c)(2), which can only decrease - not increase - the defendant's sentence. Moreover, the limits Section 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at

most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range. See Harris v. United States, 536 U.S. 545 (2002).

Booker's remedial holding is likewise inapplicable. Booker applies to full sentencing hearings - whether in an initial sentencing or in a re-sentencing where the original sentence is vacated for error. The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b). It also excised the related provision on appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by Booker. Nor is there anything else in Booker that directly addresses Section 3582 proceedings.

The Booker Court applied its advisory guidelines remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory in some contexts and advisory in others. 543 U.S. at 266. The Court rested its conclusion on two observations, neither of which is applicable to reduction proceedings under Section 3582(c)(2). The first was that Congress would not have wanted to "impose mandatory . . . . limits on a judge's ability to reduce sentences," but not to "impose those limits upon a judge's ability to increase sentences." Id. (emphasis in original); see id. (Congress would not have wanted such "one-way lever[s]"). But Congress clearly intended Section 3582(c)(2) to be a "one-way lever" – it gives the court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence. Second, the Court observed that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would engender significant "administrative complexities." Id. Given the limited scope of a proceeding under Section 3582(c)(2), none of the significant "administrative complexities" is present that led the Supreme Court to require all guideline provisions to be advisory at full sentencing proceedings. Booker, 543 U.S. at 266. To the contrary, holding that Booker requires full re-sentencing whenever a guideline is made retroactive — in many cases years after the original sentencing — would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under Section 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant. Although one of the factors in Section 3553(a) is the Guidelines range, and Booker made that range advisory, the still-valid statutory language in

-8-

Section 3582(c)(2) requires courts to consider the Section 3553(a) factors (including the Guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission." The Commission has made clear that courts are to consider the Section 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only <u>within the limits</u>" of Section 1B1.10. U.S.S.G. § 1B1.10, app. note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), or <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), affects this analysis. Both decisions reaffirmed <u>Booker</u>'s remedial holding that the Guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them. Because, as explained above, <u>Booker</u> does not apply to Section 3582(c) proceedings, the applications of <u>Booker</u>'s remedial opinion in <u>Gall</u> and <u>Kimbrough</u> do not apply in such proceedings either.

The defendant relies on <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007), in which the Ninth Circuit concluded that limiting the extent of a Section 3582(c)(2) sentencing reduction to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by <u>Booker</u>. For the reasons stated above, <u>Hicks</u>' analysis is flawed and should not be followed by this Court. <u>Hicks</u> fails to consider that the context of a Section 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence - and thus run afoul of the Sixth Amendment - that were addressed in <u>Booker</u>. <u>Hicks</u> also fails to recognize that a sentencing reduction under Section 3582(c)(2) is not a full re-sentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment. Likewise, <u>Hicks</u> ignores the fact that Section 3582(c)(2) incorporates into the statute the limits in Section 1B1.10, and that those statutory limits are binding on sentencing courts. Perhaps most significantly, <u>Hicks</u> did not have before it the revised text of and commentary to Section 1B1.10, which now make plainly clear the proper exercise of the Sentencing Commission's statutory authority to restrict the extent of sentencing reductions.[3]

---

[3] Defendant cites to a transcript of a sentencing hearing in the Southern District of Florida as an example of a case where a district judge (without actually referencing <u>Hicks</u>) employed a <u>Hicks</u> analysis in re-sentencing a defendant below the newly reduced guideline range. While this transcript has no precedential or

Indeed, defendant contends that three judicial circuits and three district courts have held that "a District Court must apply the dictates of Booker and it's progeny during a re-sentencing pursuant to § 3582(c)(2)." See Defendant's Brief at 8. A careful reading of those cases, however, would suggest that they do not support defendant's statement. For example, defendant relies upon United States v. Taylor, 520 F.3d 746, 748 (7th Cir. 2008), for the proposition the guideline's limitations on re-sentencing has become advisory. The Court's statement in that regard, however, is clearly dicta, as that court concludes, that "the status of section 1B1.10(b)(2)(A) has not been argued to us and we take no position on it." Id. Similarly, defendant relies upon United States v. Regalado, 518 F.3d 143, 151 (2d Cir. 2008), to support his position. The language quoted from that case, however, indicates only that the re-sentencing court may examine § 3553(a) factors in deciding whether or not it should exercise its discretion to re-sentence a defendant at all and, thus, is not instructive on the issue for which it is cited. Indeed, other than the Polanco case, which relies upon Hicks and, thus, for the reasons stated above is not persuasive, none of the cases cited by the defendant in support of this position do, in fact, support that position.

To the contrary, a decision of the Third Circuit is persuasive. In United States v. Wise, 515 F.3d 207 (3d Cir. 2008), defendants argued that they could gain relief under the crack amendments immediately, even though the Sentencing Commission in Amendment 713 provided that the crack amendments would not become listed in § 1B1.10(c) as retroactive until Amendment 713's effective date of March 3, 2008. The Third Circuit ruled that defendants could not obtain immediate relief under § 3582(c)(2) because § 1B1.10(c) did not yet list the crack amendments. Id. at 220-21. The Court stated:

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of Booker. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines. As we have stated before, "[t]he language of the applicable sections

---

persuasive value in this Court, it is interesting to note that the judge in the Southern District of Florida did ultimately conclude that, after considering the § 3553(a) factors in that case, a sentence of 75 months was reasonable for a defendant convicted of a transaction involving "a total of 5.6 grams" of cocaine. See United States v. Edward Melvin, 04-60193, Slip op. at 4, 16 (S.D. Fla. May 14, 2008).

-10-

could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Thompson, 70 F.3d 279, 281 (3d Cir.1995).

Wise, 515 F.3d at 221 n.11; see id. at 220 ("The Guidelines are no longer mandatory, but that does not render optional" statutory directives). Under this persuasive reasoning, and under the plain language of Section 3582(c)(2), the Sentencing Commission's determinations regarding whether and to what extent a sentence may be reduced must be respected.[4] See United States v. Speights, 2008 WL 2487389 (S.D. Ala. June 23, 2008) (lengthy decision, noting in part that Hicks "has been roundly criticized in many quarters," and "is overwhelmed by a plethora of persuasive federal decisions from throughout the country in the last few months emphatically overruling Booker objections of the kind advanced by [the defendant] here."). See also United States v. Navarrete, 2008 WL 1757579 (W.D. Wash. Apr. 15, 2008) (district court in Ninth Circuit holds that, notwithstanding Hicks, a court has no authority to consider a sentencing reduction where the guideline range is unchanged); United States v. Mitchell, 2008 WL 2489930 (W.D. Wash. June 19, 2008) (same).

    In the months since the Sentencing Commission amended Section 1B1.10, very few courts have followed Hicks, see United States v. Ragland, 2008 WL 2938662 (D.D.C. July 31, 2008); United States v. Shelby, 2008 WL 2622828 (N.D. Ill. June 30, 2008), while a huge number of courts have rejected Hicks and found Booker inapplicable to application of a retroactive guideline amendment. See, e.g., United States v. Outlaw, 2008 WL 2443374 (4th Cir. June 18, 2008) (unpublished); United States v. Williams, 2008 WL 3861175 (10th Cir. Aug. 15, 2008) (unpublished); United States v. Bell, 2008 WL 2620904 (E.D. Ark. July 1, 2008); United States v. Robinson, 2008 WL 2039268 (E.D. Ark. May 12, 2008); United States v. Atwell, 2008

---

[4] Some defendants have suggested that this ruling in Wise is dictum. That is not so. In Wise, the appellants specifically argued "that because the District Court employed the Guidelines that were in effect on the day they were sentenced, and because the Guidelines were amended during the pendency of their appeals, the District Court's Guidelines calculation amounts to procedural error." Id. at 219. In the course of rejecting this argument, the Court stated that a defendant may only obtain relief under the crack amendments through a 3582(c)(2) motion, and may only file such a motion on or after March 3, 2008. Id. at 220-21. This ruling is directly pertinent to the Court's decision that the district court did not err in basing a sentence on the unamended guidelines in effect on the date of sentencing.

WL 3272016 (M.D. Fla. Aug. 4, 2008) (court disagrees with Ragland); United States v. Kahlmorgan, 2008 WL 1776894, *3 (M.D. Fla. Apr. 17, 2008); United States v. Davis, 2008 WL 660277, *2 (M.D. Fla. Mar. 6, 2008); United States v. Thomas, 2008 WL 2828802 (N.D. Ill. July 17, 2008) (judge of same court disagrees with Shelby); United States v. Hopkins, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008); United States v. Quary, 2008 WL 1766951, *2 n.1 (D. Kan. Apr. 15, 2008); United States v. Julien, 2008 WL 1933340 (D. Me. May 5, 2008); United States v. Blair, 2008 WL 2622962 (E.D. Mich. July 2, 2008); United States v. Green, 2008 WL 2312927 (E.D. Mo. May 30, 2008); United States v. Osuna, 2008 WL 1836943, *2-3 (E.D.N.Y. Apr. 22, 2008); United States v. Cruz, 2008 WL 539216, at *2-5 (E.D.N.Y. Feb. 27, 2008) (holding that a reduction in sentence is not authorized if there has been no change in the guideline range, and Booker is inapplicable to permit greater relief); United States v. Veale, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008); Montes v. United States, 2008 WL 906079 (S.D.N.Y. Apr. 3, 2008); United States v. Jimenez, 2008 WL 2774450 (S.D.N.Y. July 16, 2008); United States v. Roman, 2008 WL 2669769 (E.D. Pa. July 7, 2008); United States v. Wright, 2008 WL 2265272 (E.D. Pa. June 3, 2008); United States v. Rivera, 535 F. Supp. 2d 527, 530-31 (E.D. Pa. 2008); United States v. Austin, 2008 WL 2412949 (M.D. Pa. June 11, 2008); United States v. Roberson, 2008 WL 2020209, *2 (M.D. Pa. May 8, 2008); United States v. Havelka, 2008 WL 2687099 (W.D. Pa. July 8, 2008); United States v. Robinson, 2008 WL 2578043 (W.D. Pa. June 26, 2008) (extensive discussion); United States v. Strothers, 2008 WL 2473686 (W.D. Pa. June 19, 2008); United States v. Finney, 2008 WL 2435559 (W.D. Pa. June 16, 2008) (rejects decision in Hicks); United States v. Johnson, 2008 WL 2260052, *4 (W.D. Va. June 3, 2008); United States v. Boyce, 2008 WL 2725091 (S.D. W. Va. July 11, 2008). But see United States v. Stokes, 2008 WL 938919 (M.D. Fla. Apr. 7, 2008), and United States v. Barrett, 2008 WL 938926 (M.D. Fla. Apr. 7, 2008) (decisions of same court holding that Booker does not make advisory the restriction in Section 1B1.10 limiting sentencing reductions to cases in which an offense level has been lowered, but holding that, where there would be an offense level reduction but for an anomalous application of the revised drug equivalency table, the court has authority under Booker to afford the reduction).

The conclusion that Booker does not apply in proceedings under Section 3582(c)(2) is also consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to re-sentencing under Booker on collateral review under 28 U.S.C. § 2255.  See Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 613-16 (2005); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 602-05 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.

2005); <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783-84 (8th Cir. 2005); <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005); <u>United States v. Bellamy</u>, 411 F.3d 1182, 1188 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir. 2005); <u>In re Fashina</u>, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full <u>Booker</u> re-sentencing.

Indeed, given that <u>Booker</u> does not apply to the many defendants whose sentences were final when <u>Booker</u> was decided, it would be unfair to apply <u>Booker</u> to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in re-sentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full re-sentencing.

Accordingly, while this Court should consider the Section 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress. <u>Booker</u> does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

Should this Court disagree and conclude that <u>Booker</u> is applicable, it should exercise its discretion not to vary below the amended guideline range. The Sentencing Commission's determinations, which always must be considered in sentencing, <u>see</u> 18 U.S.C. § 3553(a), deserve particular respect in this context, where Congress specifically delegated to the Commission the authority to amend the Guidelines, and to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). It is appropriate to abide by these restrictions, given that the Commission has properly determined that Section 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not to relitigation of other aspects of the sentence. <u>See</u> U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) "do not constitute a full re-sentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants. <u>See</u>

-13-

18 U.S.C. § 3553(a)(6). And it will avoid substantial unfairness to countless defendants who may not gain reconsideration of their final sentences because they did not enjoy the fortuity of having a retroactive guideline amendment applied to one aspect of their sentences.

Finally, a sentence within the amended guideline range is appropriate for all of the reasons explained earlier, upon examination of the Section 3553(a) factors as applied to this case.

Thank you very much for Your Honor's consideration of this request.

    Respectfully submitted,

    CHRISTOPHER J. CHRISTIE
    United States Attorney

    s/ Philip James Degnan

    By: PHILIP JAMES DEGNAN
    Assistant U.S. Attorney

cc:   Troy A. Archie, Esq.
      Wilfredo Torres, Sr. Deputy Chief Probation Officer