UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                              | : |                                  |
|------------------------------|---|----------------------------------|
|                              | : | HONORABLE JOSEPH E. IRENAS       |
| UNITED STATES OF AMERICA     | : |                                  |
|                              | : | CRIMINAL ACTION No. 06-254 (JHR) |
| v.                           | : |                                  |
|                              | : |                                  |
| JAMES WILLIAMS               | : | **OPINION**                      |
|                              | : |                                  |

**APPEARANCES:**

Troy A. Archie, Esq.
Old Firehouse #6
339 Front Street, Suite A
Camden, NJ 08102
    Counsel for Defendant James Williams

Philip James Degnan, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    Counsel for the United States of America

**IRENAS**, Senior District Judge:

Before the Court is Defendant James Williams's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court will grant his Motion.

**I.**

In March 2006, James Williams ("Williams") pled guilty to one count of distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). In determining Williams's sentence, the Court held him accountable for five to twenty grams of crack cocaine, pursuant to a stipulated plea agreement between Williams and the Government. That quantity of crack cocaine

corresponded to a base offense level ("BOL") of 26 under the then-applicable version of the United States Sentencing Guidelines ("Guidelines").[1]  After a two level upward adjustment for possession of a firearm and a three level downward adjustment for acceptance of responsibility, the Court determined the applicable total offense level ("TOL") was 25.  Based on Williams's criminal history, the Court identified the applicable criminal history category ("CHC") as IV.

For offenders with a TOL of 25 and a CHC of IV, the advisory guideline range of imprisonment was 84 months to 105 months.  In assessing the appropriate sentence for Williams's conduct, the Court considered all of the factors set forth under 18 U.S.C. § 3553(a).  On August 25, 2006, the Court sentenced Williams to an 84 month term of imprisonment to be followed by a four year term of supervised release.  Williams now moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## II.

### A.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment imposed upon a Defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with

---

[1] The applicable version of the Sentencing Guidelines were those effective as of November 1, 2005.

applicable policy statements issued by the Sentencing Commission." *United States v. Williams*, 282 F.App'x 119, 122 (3d Cir. 2008) (quoting 18 U.S.C. § 3582(c)(2)).  On November 1, 2007, the Sentencing Commission adopted Amendment 706 to the Guidelines, the general effect of which is "to decrease by two levels the base offense levels for crack cocaine offenses."  *Id.* at 121 (quoting *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008)).  "Amendment 706 became retroactive as of March 3, 2008." *Id.*  The granting of a sentence reduction to an eligible defendant pursuant to § 3582(c)(2) "is not an automatic right . . . but rather a matter subject to the sentencing court's discretion."  *United States v. Robinson*, Crim. No. 06-34 Erie, 2008 WL 2578043, at *2.  (W.D. Pa. Jun. 26, 2008).

## B.

In this case, the Government agrees that Williams is eligible for a sentence reduction. (Gov't Br. at 1.)  Williams and the Government are also in agreement that his recalculated TOL is 23.  (Def. Br. at 2; Gov't Br. at 3.)  For an offender with a TOL of 23 and a CHC of IV, the guidelines advise incarceration for a term of 70 to 87 months.[2]

The Court originally sentenced Williams to a prison term of

---

[2]  Williams argues that the guidelines advise incarceration for a term of 51-63 months for an offender with a TOL of 23.  (Def. Br. at 5.)  For an offender with a TOL of 23 and a CHC of II, the Guidelines indeed advise incarceration for a term of 51-63 months.  However, Williams's CHC is IV, thus the range of 70-87 months applies.

84 months, the lowest point within the then-applicable advisory guidelines range.  After considering the pertinent factors,[3] the Court now exercises its discretion to resentence him to a prison term of 70 months, a proportional adjustment to the lowest point within the now-applicable advisory guidelines range.[4]

## III.

For the reasons set forth above, the Court will grant

---

[3] Those factors included: (1) the 18 U.S.C. § 3553(a) factors consistent with § 3582(c)(2); (2) public safety considerations; and (3) defendant's post-sentencing conduct.  Application Note 1(B), U.S.S.G. §1B1.10.

[4] The Court will only briefly touch upon Williams's argument that he should be granted a downward variance from the amended advisory guideline range based on his post-incarceration good behavior.  As explained by the Third Circuit, "the scope of a sentencing court's inquiry under section 3582(c)(2) is limited to consideration of a retroactive amendment to the Sentencing Guidelines; section 3582(c)(2) does not entitle a defendant to a full de novo resentencing." *United States v. Swint*, 251 F.App'x 765, 768 n.1 (3d Cir. 2007) (citing *United States v. McBride*, 283 F.3d 612, 615-16 (3d Cir. 2002)).  U.S.S.G. §1B1.10(b)(2)(A) expressly precludes granting a downward variance from the Guidelines range to an inmate during a § 3582(c)(2) resentencing, when no such variance was granted at original sentencing. *United States v. Lloyd*, 469 F.3d 319 (3d Cir. 2006), which involved a *Booker* remand, is not to the contrary.  On a *Booker* remand the issues considered by the resentencing court are broad and include consideration of issues not addressed at a defendant's original sentencing; the issues presented by a § 3582(c)(2) resentencing are much more narrow.  It was only in the broad context of a *Booker* remand that the Third Circuit preserved the possibility of an unusual case where post-sentencing rehabilitation efforts could be considered at resentencing. *See Lloyd*, 469 F.3d at 324-25.  Thus, while post-sentencing conduct may be relevant to deciding whether any relief is merited under § 3582(c)(2), good behavior in prison cannot be the basis for a downward variance from the amended advisory guideline range in the context of a § 3582(c)(2) resentencing.

Williams's Motion and reduce his term of incarceration from 84 months to 70 months.  The Court will issue an appropriate Order.

Dated:  January __9th__, 2009

                              _s/ Joseph E. Irenas_____
                              **JOSEPH E. IRENAS, S.U.S.D.J.**